UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEVON SCHEIBLE,

    Plaintiff,

v.                                            Case No. 3:23-cv-923-MMH-MCR

STILLWATER INSURANCE
COMPANY,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Defendant's Response to Jurisdictional Order 8/14/23 (Doc. 9; Jurisdictional Response) filed on August 28, 2023. On August 4, 2023, Defendant filed its Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See generally Notice. In the Notice, Defendant invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because "the parties to this lawsuit have diverse Citizenship and the amount in controversy exceeds $75,000." Id. at 2. On August 14, 2023, the Court entered a Jurisdictional Order (Doc. 6; Order) inquiring into its subject matter jurisdiction over this case. See generally Order. In the Order, the Court found that Defendant had failed to "plausibly allege that the amount in

controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)" because "[t]he allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." Order at 5. Accordingly, the Court ordered Defendant to provide "sufficient information so that [the Court] can determine whether it has diversity jurisdiction over this action." Order at 6. In response to the Court's Order, Defendant filed the Jurisdictional Response. See generally Jurisdictional Response. However, the Court remains unable to conclude that it has subject matter jurisdiction over the instant action. This is so because Defendant again fails to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, see Notice at 2, the value of a plaintiff's claim must exceed the amount-in-controversy threshold of $75,000. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims a "a sufficient sum in good faith." Id. at 807 (citing St. Paul Mercury Indem. Co. v. Red

- 2 -

Cab Co., 303 U.S. 283, 288 (1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).

As significant to this case, however, "the Red Cab Co. 'legal certainty' test gives way" where diversity jurisdiction is invoked based on a claim for indeterminate, unspecified damages. See McKinnon Motors, 329 F.3d at 807; see also McIntosh, 5 F.4th at 1312; Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Doane v. Tele Circuit Network Corp., 852 F. App'x 404, 406 (11th Cir. 2021); Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).[1] Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages he seeks. See Doane, 852 F. App'x 407; see also McKinnon Motors, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim"). Notably, establishing that the amount in controversy exceeds the jurisdictional threshold requires more than a general allegation that damages exceed $75,000. See Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley,

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

224 F. App'x at 895. Instead, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807. "The additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted). And, "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'" See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4–6 (S.D. Fla. Oct. 15, 2014).[2]

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312–1313 (finding that although damages were unspecified, plaintiffs had sufficiently alleged

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). Additionally, district courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.

Here, Defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In the Jurisdictional Order, the Court questioned the sufficiency of Defendant's allegations regarding the amount in controversy and provided Defendant with an opportunity to present

additional information to make a showing that the value of Plaintiff's claim exceeds $75,000. Defendant has failed to do so.

In the Jurisdictional Response, Defendant first argues that jurisdiction is proper by repeating and underlining Plaintiff's conclusory allegations that the damages sought are "in excess of $75,000.00." See Jurisdictional Response at 2 (emphasis omitted) (quoting Complaint and Demand for Jury Trial ¶ 1 (Doc. 1-2; Complaint)). Without factual support, this allegation for indeterminate damages is inadequate to confer subject matter jurisdiction.[3] See Bradley, 224 F. App'x at 895 (concluding that a plaintiff "failed to meet her burden" in establishing the amount in controversy when she presented "conclusory assertions that her damages exceed[ed] $75,000"). Defendant next attempts to discharge its burden by arguing that if Plaintiff's conclusory allegation is "combined with a description of Plaintiff's injuries to date," it would suggest that the amount in controversy exceeds the Court's jurisdictional threshold. See Jurisdictional Response at 2. While Defendant proffers "[s]ome of the limited medical information" that it has regarding the diagnoses and treatment Plaintiff received, Defendant makes no attempt to estimate the cost of such treatment or otherwise quantify Plaintiff's damages. In addition, the proffered

---

[3] Because this allegation was quoted in the Notice, its emphasis in the Jurisdictional Response does little to provide the Court with additional information regarding the amount in controversy.

information is not sufficient to allow the Court to make a reasonable deduction that the amount in controversy exceeds $75,000.  See Roe, 613 F.3d at 1061–62.  Indeed, any conclusion based upon the limited information provided would be impermissible "conjecture, speculation, or star gazing."  See Pretka, 608 F.3d at 754.  For this reason, Defendant's proffer is wholly inadequate to satisfy the Court's jurisdictional inquiry.  Accordingly, the case is due to be remanded.

In determining that remand is appropriate, the Court recognizes that shortly after filing the Jurisdictional Response, Defendant filed a motion seeking discovery "in aid of jurisdiction."  See Defendant's Motion for Discovery in Aid of Jurisdiction at 1 (Doc. 10; Discovery Motion), filed August 29, 2023.  This filing is insufficient to prevent remand.  The fact that Defendant needs discovery to determine the "factual basis upon which" Plaintiff bases his demand for damages in excess of $75,000, see Discovery Motion Exhibit at 3 (Doc. 10-1; Proposed Discovery), only highlights the fact that Defendant failed to conduct discovery in state court to determine whether removal of this action was warranted prior to filing the Notice.  Proceeding in this manner is plainly improper.  As a fellow District Judge has noted, "jurisdictional discovery should be conducted before removal—not after."  Mittenthal v. Florida Panthers Hockey Club, Ltd., 472 F. Supp. 3d 1211, 1225 (S.D. Fla. 2020).

Upon review of the filings, it is evident that the removal of this case from state court to federal court was premature. The Court will not condone such a filing by granting Defendant a belated opportunity to engage in post-removal jurisdictional discovery related to the amount in controversy. At the time Defendant filed the Notice, it neither possessed nor asserted any facts suggesting that the amount in controversy in this case exceeds the applicable statutory threshold.[4] Moreover, despite being afforded an additional opportunity to establish that § 1332(a)'s amount in controversy requirement has been satisfied, Defendant failed to do so. When a defendant "files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements," the "natural consequence . . . is remand to state court." Lowery v. Ala. Power Co., 483 F.3d 1184, 1217–18 (11th Cir. 2007). As such, the Court will not wait "to allow the [D]efendant to discover the potential factual basis for jurisdiction" before remanding the case.[5] Id. at 1217.

---

[4] In a proposed request for admissions attached to the Discovery Motion, Defendant would seek Plaintiff's admission that the Court "has subject matter jurisdiction over this claim." Proposed Discovery at 1. This reflects a fundamental lack of understanding of the limits of the Court's jurisdiction: "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (quoting Jackson v. Seaboard Coast Line R.R., 678 F.2d 992, 1000–01 (11th Cir. 1982)).

[5] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

Notably, a "defendant, by removing the action, has represented to the court that the case belongs before it," and "[h]aving made this representation, . . . is no less subject to Rule 11 [of the Federal Rules of Civil Procedure] than a plaintiff who files a claim originally." Id. at 1217–18.  Here, Defendant's "request for discovery is tantamount to an admission that [Defendant does] not have a factual basis for believing that jurisdiction exists." See id. at 1217. The Court will not consider the potential Rule 11 consequences here. Instead, the Court will simply remand the case to state court at this time.

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of September, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida